## WYOMING NATIONAL BANK v. BROWN ET AL.

JUDGMENTS — INTEREST — STATUTES — VESTED RIGHTS.

1.  A judgment is not a contract, within the meaning of the constitutional prohibition against laws impairing the obligation of contracts.

2.  A contract does not lend its force and obligation to a judgment thereon to such an extent that it is impaired by a law reducing the rate of interest upon the judgment.

3.  A judgment creditor has a vested right to the interest accrued upon his judgment under the law in force when the judgment was obtained, up to the time that there is a change in the law.  As to judgments existing when the act of 1895 was passed reducing the rate of interest on judgments, the new rate should be applied only from the time of the passage of he law.

[Decided June 29, 1900.]

ON petition for rehearing.  For former opinion, see 7 Wyo., 494.

*N. E. Corthell,* for plaintiff.

When the provision of the constitution as to impairing the obligation of contracts is invoked for the protection of a judgment creditor, the courts look beyond the judgment to the original cause of action, to determine whether or not the obligation is a contract obligation, and, therefore, beyond the power of the Legislature to impair.  (Scar-

borough v. Dugan, 10 Cal., 305; Weaver v. Lapsley, 43 Ala., 224; Sprott v. Reid, 3 Greene, 489; Freeland v. Williams, 131 U. S., 405.) It is therefore submitted that the contract lends its force to the judgment to such an extent that the obligation of the contract may not be impaired by a law subsequently enacted. In considering this matter, cases of express and implied contracts should not be blended.

The act of 1895 should be construed as prospective only, and as inapplicable to existing judgments. (Church, ect. v. U. S., 143 U. S., 457; Suth. Stat. Const., 463–64; Lee v. Cook, 1 Wyo., 413; U. S. v. Heth, 398; The Energia, 66 Fed., 607; Mayor, etc. v. Trustees, 7 Ga., 204; Lang v. Clapp (Ind.), 2 N. E., 197; Getto v. Friend (Kan.), 26 Pac., 475; Saunders v. Carroll, 12 I a. Ann., 793; Regents, etc. v. Atty. Gen. (Mich.), 66 N. W., 956; Corley v. Mc Keag, 57 Mo. App., 413; Cox v. Marlatt, 36 N. J. L., 389; Lyndecker v. Babcock (N. J.), 26 Atl., 925; Bailey v. Mayor, etc., 7 Hill, 146; Besser v. Hawthorne, 3 Ore., 129; Hannern v. Bank, 1 Cold., 398; Dugger v. Ins. Co. (Tenn.), 32 S. W., 5; Landa v. Obert (Tex.), 25 S. W., 342; Texas, etc. v. Anderson, 149 U. S., 237; Duval v. Malone (Va.), 14 Gratt, 24; State v. Bowen (Wash.), 39 Pac., 648.)

POTTER, CHIEF JUSTICE.

The plaintiff has applied for a rehearing in this case. The points urged in counsel's brief are practically the same as those insisted on at the original hearing; and they were then fully considered by the court, although the opinion may not have specifically referred to them. Upon a careful review of the questions involved and an examination of the cases cited by counsel in his present brief, we are satisfied with the correctness of the conclusions already announced. (7 Wyo., 494). By the great preponderance and weight of authority a judgment is not a contract within the meaning of the constitutional prohibition against

laws impairing the obligation of contracts. 1 Black on Judgments, Secs. ˅ 7–11. But counsel insists that the prior contract lends its force and obligation to the judgment to such an extent that it is impaired by a law reducing the rate of interest upon the judgment. We do not think so. The cases cited upon that point are inapplicable, except those adopting the view that the judgment is itself a contract. The contract has been merged in the judgment, or as has been said, it has been extinguished by the judgment, which is a higher security. "The liability of the debtor no longer rests upon his voluntary agreement, but upon the adjudication of the court into which the former has passed." McDonald v. Dickson, 87 N. C., 404.

A familiar principle will serve to clearly illustrate this. It is well settled that a judgment carries only such a rate of interest as may be established by law, notwithstanding that the contract or cause of action on which it was founded may bear a higher rate; and this is so because of the merger of the contract in the judgment, and thereafter the law, and not he parties, prescribes the interest. 2 Black on Judgments, Sec. 982.

The Legislature recognized this principle by the proviso of the section of the law of 1895, under consideration, whereby it is enacted that when a judgment shall be founded upon a contract, verbal or written, by the terms whereof a rate of interest less than eight per cent shall have been agreed upon, the rate upon the judgment shall be the same as that provided for by the contract; but no such provision is made in the case of a judgment upon a contract bearing a rate greater than that ordinarily allowed upon judgments. In such case the rate of eight per cent governs the judgment.

It is true, as stated by Brown in his work on judgments (Sec. 11), that statutes have been declared invalid, as obnoxious to the inhibition against the impairment of the obligation of contracts which vacated judgments, granted new trials, enacted shorter statutes of limitation,

greater exemptions of the debtor's property, and the like· not, however, because they impaired the judgment, but on the ground that they destroyed the remedy on the original contract. And as to that class of cases the court in Morley v. Lake Shore Ry. Co., 146 U. S., 162, declared them inapplicable to the consideration of a statute reducing the rate of interest upon judgments.

Much that was said in the original opinion in discussing the principles underlying interest upon judgments is also pertinent here, and demonstrates the difference, in respect to interest between the contract and a judgment founded thereon.

It is furthur urged that the statute of 1895 ought not to be construed as affecting judgments already existing, because of the provision that judgments shall bear interest at the prescribed rate "from the date of the rendition thereof." It is insisted that the use of the language quoted discloses an intention that the act should have effect only upon judgments recovered subsequent to the passage of the act. Inasmuch as the law previously in force allowing interest upon judgments was expressly repealed by the act of 1895, and there is no exception in the statute, we think it must be construed, at least the clause of the section preceding the proviso, as covering the case of all judgments, whether rendered before or after the date of the passage of the act. That is the only law authorizing interest upon judgments after its date. But it will not be so construed as reducing the rate prior to the time of the enactment of the statute. The judgment creditor has a vested right to the interest which accrued upon his judgment under the law then in force up to the date of the change in the law. Hence, as to judgments already existing, the rate under the act of 1895 should be applied only from the time of its passage. This question was taken into consideration when our conclusions were originally announced, and the answer to the reserved question accorded with the view above expressed.

*Rehearing will be denied.*

Corn, J., and Knight, J., concur.