STANFORD, RESPONDENT, *v.* CORAM ET AL., DEFENDANTS;
CORAM, APPELLANT.

(No. 1,919.)

(Submitted May 14, 1903.   Decided June 1, 1903.)

### *Judgments—Interest—Constitutional Law.*

1. Civil Code, Section 2588, provides that a judgment shall bear interest at the rate of 10 per cent. per annum. Laws of 1899, p. 116, amends Section 2588 so as to reduce the interest to 8 per cent., repeals all acts in conflict with it, and provides that it shall take effect from and after its approval. *Held,* that a judgment rendered prior to the date when the amendment went into effect bore 10 per cent. interest until that date, and only 8 per cent. thereafter.
2. A statute changing the rate of interest which a judgment shall bear after entry is not unconstitutional as affecting a contract right within the meaning of Section 10, Article I, of the Constitution of the United States, and Section 11, Article III, of the Constitution of Montana.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by James T. Stanford, as receiver of the Northwestern National Bank of Great Falls, against Joseph A. Coram and another. From an order denying the motion of defendants to compel plaintiff to satisfy the judgment rendered in his favor, Joseph A. Coram appeals. Reversed.

*Mr. M. S. Gunn,* for Appellant.

In the case of *Morley* v. *Lake Shore & Mich. S. R. Co.,* 146 U. S. 162, it was decided that the legislature of a state has the power to reduce the rate of interest on existing judgments. See, also, *O'Brien* v. *Young,* 95 N. Y. 428; *Wyoming National Bank* v. *Brown,* 61 Pac. 465, S. C. 75 Am. St. Rep. 935; *Palmer* v. *Laberee,* 63 Pac. 216. It is held in these cases that a judgment is not a contract, and that the right to recover interest is a statutory right, and such holding is made the basis of the decisions. That the right to recover interest is a statutory right,

see, also, *Isaacs* v. *McAndrew,* 1 Mont. 437; *Palmer* v. *Murray,* 8 Mont. 174.. That a judgment is not a contract, see, also, 1 Black, Judgments (2d Ed.), Secs. 7, 8, 9, 10.

As a judgment is not a contract and interest is a creature of the statute, it necessarily follows that the legislature may change the rate of interest on existing judgments. When the amendatory act, approved February 28; 1899, went into effect, it operated to repeal and render nugatory Section 2588 of the Civil Code. After such repeal the right to interest was dependent solely upon the amendatory act.

*Mr. M. M. Lyter,* and *Mr. A. C. Gormley,* for Respondents.

Sedgwick, in his work on the Construction of Statutes and Constitutions (2d Ed.), after stating that retrospective or retroactive statutes, independently of certain exceptions, are within the scope of the legislative authority, yet says that "such laws, as a general rule, are objectionable, and the judiciary will give all laws a prospective operation only, unless their language is so clear as not to be susceptible of any other construction." (Page 173.) Again he says: "The courts refuse to give statutes a retroactive construction unless the intention is so clear and positive as by no possibility to admit of any other construction." (Page 166.)

Though the legislature may have the power to make a law operate retrospectively, it must clearly appear that such was the intention, the presumption being that it was intended to operate on future transactions. (Cooley, Const. Lim., 370; Wade, Retr. Laws, Sec. 34; *Duval* v. *Malone,* 14 Grat. 24; *Murdock* v. *Franklin Ins. Co.,* 10 S. E. 777; *Watkins* v. *Glenn* (Kan.), 40 Pac. 316; *Auffmordt* v. *Rasin,* 102 U. S. 620.)

The foregoing principle was followed in the cases cited below, the court in the first named case saying: "When demands are finally merged into judgments, subsequent changes by law of the rates of interest will not affect such judgments, unless the statutes so declare." (*Missouri Pac. R. R. Co.* v. *Patton*

(Tex.), 35 S. W. 477; *Saunders* v. *Carroll,* 12 La. An. 793.)

The following additional cases hold that it is not in the power of the legislature to alter the rate of interest to which a creditor is entitled upon his pre-existing judgment: *Cox* v. *Marlatt,* 36 N. J. L. 389; *Johnson* v. *Butler,* 2 Ia. 535; *Rockwell* v. *Butler* (Colo.), 17 L. R. A. 611; *Sharpe* v. *Morgan Co.,* 44 Ill. App. 346; *Bond* v. *Dolby* (Neb.), 23 N. W. 351; Freeman on Judgments, Secs. 217, 441.

Some very pertinent and interesting observations upon the Morley decision, and also references to other decisions of the Supreme Court of the United States, are found in the case of *Bettman* v. *Crowley* (Wash.), 40 L. R. A. 815.

The Supreme Court of the United States has, however, in the case of *Texas & Pacific Railway Co.,* 149 U. S. 237, 37 L. Ed. 717, virtually repudiated the doctrine laid down in the *Morley Case.* See, also, as bearing somewhat on principles involved, *Barnitz* v. *Beverly,* 163 U. S. 118, 41 L. Ed. 93, followed in *State* v. *Gilliam,* 18 Mont. 109.

That the judgment did not express the rate of interest is of no moment, for, as stated in *Amis* v. *Smith,* 41 U. S., 16 Pet. 303, 311, "interest upon a judgment, secured by positive law, is as much a part of the judgment as if expressed in it."

MR. COMMISSIONER POORMAN prepared the opinion for the court.

In this action judgment was entered for the plaintiff and against the defendants on the 3d day of December, 1898. On the 24th day of March, 1902, the defendant Coram paid to the plaintiff on account of said judgment the full amount of the principal sum thereof, with interest thereon at the rate of 10 per cent. per annum until the 28th day of February, 1899, and at the rate of 8 per cent. per annum from that date until the date of payment. The plaintiff acknowledged partial satisfaction of the judgment, and the appellant proceeded by motion as provided by Section 1201, Code of Civil Procedure, for an

order requiring the plaintiff to satisfy the judgment in full.    It was stipulated that, if the plaintiff was only entitled to collect interest on said judgment at the rate of 8 per cent. per annum from the 28th day of February, 1899, said judgment was paid in full; otherwise there was a balance due.    This motion was overruled.    The appeal is from the order of the court overruling the motion.

The error assigned in this case is that the court erred in deciding that the judgment had not been paid in full and in overruling defendant's motion.    It appears from the statement and the stipulation that the full amount of the judgment, with interest thereon at the rate of 10 per cent.. until the 28th of February, 1899, and at the rate of 8 per cent. per annum thereafter has been paid. · The question presented is whether the Act of the legislature approved February 28, 1899, reducing the rate of interest from 10 per cent. per annum to 8 per cent. per annum, relates to and affects the interest due on this judgment. Section 2588, Civil Code, in force at the time this judgment was rendered, provided that "interest is payable on judgments recovered in the courts of this state at the rate of ten per cent. per annum, and no greater rate, but such interest must not be compounded in any manner or form."    This section of the statute was amended by an Act approved February 28, 1899 (Laws of 1899, p. 125), so as to read as follows:    "Interest is payable on judgments recovered in the courts of this state at the rate of eight per cent. per annum, and no greater rate, but such interest must not be compounded in any manner or form."    This amendatory Act further provides:    "Sec. 2.    All Acts and parts of Acts in conflict herewith are hereby repealed."    "Sec. 3. This Act shall take effect and be in full force from and after its approval."

A judgment in a civil case is a judicial determination of rights existing between parties, or by one party and against the other.    It does not create any new rights.    It only defines and determines what rights already exist.    The right to have a judgment enforced is not inherent in the judgment itself.    This

right and authority come from other provisions of law. The judgment is itself a creation of law. It bears no interest unless granted by legislative enactment. It is in the nature of a contract, but is not a contract within the meaning of Section 10, Article I, of the Constitution of the United States, and Section 11, Article III, of the Constitution of the State of Montana. It lacks the element of consent necessary to a contract. It is *in invitum* as to the losing party. The contract between the parties is voluntarily surrendered and canceled by merger in the judgment, and ceases to exist. It is no longer looked to for any purpose except as evidence supporting the judgment. There is no longer any contract for the payment of either principal or interest. A party is not entitled to interest merely because he has a judgment, but solely because the legislature, in its discretion, has said he may charge interest. It is an arbitrary right. Parties appealing to the law can take only what the law awards them. It may be true that parties entering into contracts or appealing to the courts have in mind the fact that any judgment obtained will draw interest at the rate then fixed by the legislature. It is likewise true that they have notice of the inherent power of the legislature to change this rate, or to annul it altogether, and such enactments are not retroactive or retrospective so long as they do not interfere with the collection of interest already accrued. Laws changing the rate of interest apply to accounts with respect to which no agreement exists as to interest. Then why do they not apply to judgments when a judgment is not a contract, and the interest thereon is not the result of agreement between the parties? The rate of interest is fixed by the legislature without reference to the contract on which the action is founded, and without regard to the will or assent of the parties to the action. The judgment creditor is entitled to the interest prescribed by law during the judgment debtor's default in payment. "Where the transaction is not based upon any assent of parties, it cannot be said that any faith is pledged with respect to it, and no cause arises for the operation of the constitutional prohibition." This law now

under consideration is a general law. A citizen can have no vested right in a general law which can preclude its amendment or repeal, and there is no implied promise on the part of the state to protect its citizens against incidental injury occasioned by changes in the law. (Cooley's Constitutional Limitations (6th Ed.), 343.)

In the case of *Morley* v. *Lake Shore Railway Co.,* 146 U. S. on page 169, 13 Sup. Ct. 57, 36 L. Ed. 925, the Supreme Court of the United States, following the decision in *O'Brien* v. *Young et al.,* 95 N. Y. 428, 47 Am. Rep. 64, in considering the same question here under discussion, uses this language: "It is contended  *  *  *  that the judgment is itself a contract, and includes within the scope of its obligation the duty to pay interest thereon. As we have seen, it is doubtless the duty of the defendant to pay the interest that shall accrue on the judgment if such interest be prescribed by statute; but such duty is created by the statute, and not by the agreement of the parties, and the judgment is not itself a contract within the meaning of the constitutional provision invoked by the plaintiff in error. The most important elements of a contract are wanting. There is no *aggregatio mentium.* The defendant has not voluntarily assented or promised to pay. 'A judgment is in no sense a contract or agreement between the parties.' " The court then holds that a legislative enactment reducing interest on all judgments applied to a judgment then existing.

The Supreme Court of Wyoming, in the case of *Wyoming National Bank* v. *Brown,* 7 Wyoming, on page 502 (53 Pac. on page 292, 61 Pac. 465, 75 Am. St. Rep. on page 939), says: "An act reducing the rate of interest which judgments shall bear, passed after the rendition of the judgment, is a conclusive determination by the legislature that the damages accruing to the judgment creditor by being deprived of the use of the amount due are measured by a lower rate of interest during the period subsequent to the taking effect of the act than from the rendition of the judgment up to that time. If this view is correct, the plaintiff in this case has received all damages which

accrued while its judgment remained unpaid, and none of its rights have been destroyed or interfered with by legislation. The defendants' obligation to pay interest being simply that which the law imposed, they discharged that obligation by paying what the law exacted."

In the case of *Palmer et al.* v. *Laberee et al.,* 23 Wash. 409, 63 Pac. 220, the supreme court holds that a law reducing the rate of interest on judgments applies to judgments rendered prior to the passage of the Act and then existing.

Where the contract between the parties provides that interest shall be computed at a certain rate until payment is made, a question might arise not presented by the record in this case, and on which no opinion is here expressed.

We have examined the cases cited by respondent as modifying the decision in the *Morley Case,* and find that the same are not inconsistent with the doctrine announced in that case.

The principles involved in this case are so thoroughly discussed in the cases cited that further comment here is unnecessary. We are of the opinion that the Act of the legislature of February 28, 1899, reducing interest on all judgments, applies from the date of its approval to this judgment, and that the court erred in overruling defendant's motion; and that, inasmuch as the stipulation and record show that the full amount due on this judgment has been paid, this cause should be remanded to the district court, with directions to set aside the order made overruling defendant's motion, and to enter an order sustaining said motion.

PER CURIAM.—For the reasons given in the foregoing opinion, it is ordered that this cause be remanded to the district court, with directions to that court to set aside the order heretofore made overruling the defendant's motion for an order requiring the plaintiff to satisfy the judgment in full, and to enter an order sustaining said motion.