[File No. 7066]

N. J. SWANSON and C. H. Swanson, Appellants, v. R. B. FLYNN and Scranton Equity Exchange, a Corporation, Respondents.

(31 NW2d 320)

Opinion filed February 26, 1948

*Murray & Murray,* for appellants.
*R. J. Bloedau,* for respondents.

PER CURIAM. The controversy on this appeal relates to the validity of the renewal of a judgment.

On November 18, 1930, judgment was rendered and docketed in the District Court of Bowman County in favor of the plaintiffs and against the defendant for the sum of $2,569.20. Thereafter, on the 28th day of September 1940 there was filed, and entered with the clerk of said court, an affidavit duly sworn to by

the plaintiff, N. J. Swanson, denominated "An Affidavit for Renewal of Judgment."

On or about November 1, 1946, execution was issued upon the judgment. Thereafter a garnishment action was instituted by the plaintiffs in aid of such execution, wherein Scranton Equity Exchange, a corporation, was named as garnishee. The defendant appeared in the garnishment action and moved for a dismissal of the action on the ground that the judgment had been rendered and entered more than 10 years before the execution was issued and that the judgment had not been renewed; that the purported affidavit of renewal failed to comply with the statute in material particulars and did not operate to renew the judgment. After hearing duly had, the trial court sustained the contentions of defendant Flynn and dismissed the garnishment action. Judgment was entered accordingly and the plaintiffs have appealed.

The statutes in force when the judgment was rendered and docketed and when the affidavit of the plaintiff, N. J. Swanson, "for renewal of judgment" was filed, provided:

"The party in whose favor judgment has been given and in case of his death his personal representatives duly appointed may at any time within ten years after the entry of judgment proceed to enforce the same by execution as provided in this chapter." CL 1913, § 7713 (ND Rev Code 1943, § 28–2101).

"Any judgment directing in whole or in part the payment of money . . . may be renewed, and the lien thereof continued for a further period of ten years from and after the filing and docketing of the affidavit for renewal, as hereinafter provided." CL 1913, § 7692 (ND Rev Code 1943, §§ 28–2021, 2022, 2023).

"Any judgment creditor, his personal representative, agent, assignee or attorney may at any time within the ninety days next preceding the expiration of the ten-year period . . . , make an affidavit, entitled as in the original judgment, setting forth the names of the parties, plaintiff and defendant, the name of the court in which docketed, the date and amount of the original judgment, the number of the judgment book in which entered and the page of the entry of the same, and such affidavit shall

set forth the name of the owner of said judgment, . . . . Said affidavit shall also show the exact amount due upon said judgment, after allowing all set-offs and counterclaims known to the affiant, and must set forth any other facts or circumstances necessary to a complete disclosure as to the exact condition of said judgment; said affidavit must be verified positively by the person making it, and not on information and belief, and the filing of such affidavit in the office of the clerk of the district court where said judgment is duly entered and docketed, shall operate to renew and revive said judgment to the extent of the balance shown due in said affidavit for the period of ten years from the date of the filing of such affidavit and the docketing of said affidavit of renewal, as hereinafter set forth. An execution may issue upon said judgment as renewed under the same conditions and to the same force and effect within said renewal period as upon a judgment primarily rendered and entered at the date of said renewal; and all other remedies for the enforcement of judgments shall apply to the enforcement of said renewal judgment." CL 1913, § 7693 (ND Rev Code 1943, §§ 28-2021, 2023).

It was the contention of the defendant in the court below and is his contention in this court that the affidavit for renewal of the judgment is invalid and ineffective, among others, for the following reasons:

1. That the affidavit does not set forth the number of the judgment book in which the judgment is entered and the page of the entry of the same.

2. That the affidavit does not set forth the exact amount due upon the judgment.

3. That the affidavit for renewal does not set forth the name of the owner of the judgment or other facts and circumstances necessary to a complete disclosure as to the exact condition of the judgment.

The record shows, without dispute, that the affidavit for renewal of the judgment does not state, nor purport to state, the number of the judgment book in which the judgment was entered and the page of the entry of the same. It merely pur-

ports to set forth the book and the page where the judgment was docketed. In this respect the affidavit does not set forth what the statute specifically requires to be stated in an affidavit for renewal of a judgment.

It is argued by the appellant that the affidavit furnishes the source from which one who searches the records in the office of the clerk of the district court may ascertain the book in which the judgment is recorded and the page where it is recorded, and that hence it is a substantial compliance with the statute. But the statute requires more than a reference to an index or docket of judgments. It requires that the affidavit must state "the number of the judgment book in which entered and the page of the entry of the same."

An affidavit, which sets forth the title of the action and the date of the rendition of the judgment, will furnish a lead which, if pursued, will enable a person who searches the record to find where the judgment is docketed and from the docket entries he may in turn find where it is recorded. But an affidavit which contained merely such statements would not constitute a compliance with the statute. Such affidavit would be ineffective and would not operate to renew the judgment. In construing the statute in Groth v. Ness, 65 ND 580, 260 NW 700, this Court held:—"Where the statute requires the affidavit of a renewal of a judgment lien to set forth the names of the parties plaintiff and defendant in the original judgment, the number of the judgment book in which the judgment is entered, and the page of the entry of the same, the failure to embody these statements in the affidavit of renewal is fatal." (Syllabus, Paragraph 4.)

In the decision in the case, this Court said: "The lien of judgment is purely statutory. . . . Liens are created by agreement or by some fixed rule of law, and 'It is not one of the functions of the courts to create them.' . . ." (65 ND 583.)

"The requirement to set forth the number of the judgment book and the page of entry is not a mere idle ceremony." (65 ND 585.)

The affidavit for renewal of the judgment recites the amount for which the judgment was rendered and states that no pay-

ments have been made thereon, and "that the exact amount now due on said judgment is the sum of Two Thousand Five Hundred Sixty-nine and 20/100 ($2,569.20) Dollars, with interest at Four (4%) per cent per annum from the 18th day of November, A. D. 1930;". The contention, that the affidavit does not state the *exact amount* due on the judgment at the time the affidavit was made and filed in September 1940, is predicated on the propositions:—

1. That the affidavit does not state a certain sum as being the amount due on the judgment and that in order to ascertain what is claimed to be due upon the judgment it will be necessary to make a computation of the amount of the interest and add the same to the amount for which judgment was rendered, and

2. That the affidavit does not state the correct rate of interest which the judgment bears and that if interest is computed at the rate stated in the affidavit, that is, at the rate of 4 per cent per annum from the date of the entry of the judgment, that the amount of interest so computed will exceed that legally due upon the judgment for interest according to the rate prescribed by the statute.

The rate of interest payable on a judgment stands on a different basis from that payable under a contract. 12 Am Jur 64, Constitutional Law, § 427. The right of the judgment creditor to receive, and the obligation of the judgment debtor to pay, interest upon a judgment do not rest in contract. A judgment is not a contract between the parties. Morley v. Lake Shore & M. S. R. Co. 146 US 162, 169, 36 L ed 925, 929, 13 S Ct 54. "It is generally recognized that interest allowed for nonpayment of judgments is in the nature of statutory damages, and the rule is established that a state without impairing the obligation of contracts may legislate to reduce the rate of interest on judgments previously obtained in its courts. . . . The theory upon which this view is based is that the interest on the judgment is not a matter of contract between the parties, but is an obligation implied or imposed by law and that accordingly the right to receive such interest depends entirely upon what the state chooses to prescribe." 12 Am Jur 64, Constitutional Law, § 427; Mor-

ley v. Lake Shore & M. S. R. Co. (US) supra; Missouri & A. Lumber & Min. Co. v. Greenwood Dist. 249 US 170, 63 L ed 538, 39 S Ct 202; Wyoming Nat. Bank v. Brown, 7 Wyo 494, 53 P 291, 75 Am St Rep 935.

,Section 6077, CL 1913, the statute in force at the time the judgment was entered on November 18, 1930, provided that a judgment should bear interest at the rate of 7 per cent per annum. Such statute was amended and re-enacted by Chapter 139, Laws 1933, which became effective March 1, 1933, and which reduced the rate of interest on judgments to 6 per cent per annum. The statute was again amended and re-enacted by Chapter 158, Laws 1935, which became effective July 1, 1935, and which reduced the interest rate upon judgments to 4 per cent per annum. The statute was again amended and re-enacted by Chapter 150, Laws 1937, which became effective July 1, 1937, and which reduced the rate of interest on judgments to 2 per cent per annum.

These several statutory enactments applied to judgments that had been rendered before, as well as to judgments rendered, after they took effect. Wyoming Nat. Bank v. Brown (Wyo) supra; Stanford v. Coram, 28 Mont 288, 72 P 655, 98 Am St Rep 566. The judgment creditor's right to receive, and the judgment debtor's obligation to pay, interest were simply what the law provided. Under the several statutory enactments the judgment bore interest at the rate of 7 per cent per annum from November 18, 1930, up to and including February 28, 1933; at the rate of 6 per cent from March 1, 1933, up to and including June 30, 1935; at the rate of 4 per cent per annum from July 1, 1935, up to and including June 30, 1937; and interest at the rate of 2 per cent from July 1, 1937, up to the date the affidavit of renewal was made and filed.

If interest were so computed, the amount of interest upon the judgment at the time of the making and filing of the affidavit for renewal would have been approximately $128.00 less than the interest claimed to be due upon the judgment in the affidavit for renewal.

It is also contended that the affidavit for renewal of the judgment does not set forth the name of the owner of the judgment

and other then existing "facts or circumstances necessary to a complete disclosure as to the exact condition of said judgment."

On the motion to dismiss the garnishment action an affidavit was made and filed by the said plaintiff, N. J. Swanson, wherein it was said: "That this affiant, the above named Plaintiff and Judgment creditor, N. J. Swanson, was and is the whole beneficial owner of said judgment; that the Plaintiff and judgment creditor, C. H. Swanson, was merely a nominal party to the action upon which said judgment is based and was merely a nominal party as judgment creditor; that he was joined as a party plaintiff with this affiant in said action so as to avoid any technical objections that might be raised by the Defendant at the trial; that this affiant was at the time of the commencement of the action and at the time of trial and entry of judgment therein, the equitable owner and legal owner of at least 95 per cent, or more, of said claim upon which said judgment was based; that the other party and judgment creditor, C. H. Swanson, was an owner of a mere nominal interest in the claim upon which said judgment was based, to-wit: not to exceed 5 per cent of the claim, and consequently was and is the owner of not to exceed 5 per cent of the said claim upon which said judgment is based; that no Executor or Administrator was ever appointed for C. H. Swanson, deceased, in Bowman County or any surrounding or adjoining counties; that at the time this affiant filed his said affidavit for renewal of said judgment on or about the 27th day of September, 1940, it was legally and physically impossible for him to secure the signature of anyone representing interest, if any, of the said C. H. Swanson, in and to said judgment. . . ."

It appears from this affidavit that the plaintiff, C. H. Swanson, had died before the affidavit of renewal was made and that no personal representative had been appointed. The affidavit for renewal of the judgment made no mention of these facts.

We agree with the trial court that the affidavit for renewal of the judgment failed to set forth facts which the statute requires such affidavit to show, and that the failure of the affidavit to comply with the statute rendered it ineffective.

The right to renew a judgment by filing an affidavit is wholly

statutory. "The requirements of the statutes and conditions prescribed in the statutes are the measure of the right and the court cannot declare purposeless and useless that which the Legislature has made a condition" for the renewal of the judgment. Serasio v. Sears, 58 Ariz 522, 121 P2d 639; Groth v. Ness, 65 ND 580, 260 NW 700, supra. The right to have execution issued ceased upon the expiration of 10 years after the entry of the judgment. Merchants Nat. Bank v. Braithwaite, 7 ND 358, 75 NW 244, 66 Am St Rep 653; Weisbecker v. Cahn, 14 ND 390, 104 NW 513; Depositors' Holding Co. v. Winschel, 60 ND 71, 232 NW 599; Groth v. Ness, 65 ND 580, 260 NW 700, supra. Hence, there is no basis for a garnishment action in aid of an execution. Merchants Nat. Bank v. Braithwaite, 7 ND 358, 75 NW 244, 66 Am St Rep 653, supra.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., NUESSLE and BURKE, JJ., and GRONNA, District Judge, concur.

BURR and MORRIS, JJ., did not participate.