**Darrell F. MANLEY et al., Petitioners,**

v.

**SAMMONS ENTERPRISES, INC., Respondents.**

No. B–6987.

Supreme Court of Texas.

March 15, 1978.

Rehearing Denied May 3, 1978.

Carrington, Coleman, Sloman, Johnson & Blumenthal, Robert L. Blumenthal, James E. Coleman, Jr. and William B. Dawson, Dallas, for petitioners.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Mark Martin and Mike Joplin, Dallas, for respondents.

BARROW, Justice.

This is a companion case to our Cause No. B–6839, *Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Co.,* Tex., 563 S.W.2d 916. The cases were argued together in this Court because both turn on the pivotal question of whether a statutory change in the rate of interest on judgments applies to a judgment rendered before the effective date of the change so as to make the judgment bear interest at the new rate from the date of the change.[1]

Manley and Conway Phillips recovered a judgment in the 162nd Judicial District Court of Dallas County against Sammons Enterprises, Inc. on April 28, 1975, for certain principal sums plus interest thereon

---

1. Art. 5069–1.05, Tex.Rev.Civ.Stat. was amended effective September 1, 1975, to increase the rate of interest on all judgments from six percent to nine percent per annum "from and after the date of such judgment."

from the date of the judgment at the rate of six percent per annum. This judgment was affirmed by the court of civil appeals and writ of error refused, no reversible error. *Sammons Enterprises, Inc. v. Manley et al.,* 540 S.W.2d 751 (Tex.Civ.App.— Dallas 1976). The mandate was issued on April 28, 1977, with no change in the rate of interest although Manley and Phillips had sought by motion filed in the court of civil appeals to increase the rate of interest on the judgment from six percent to nine percent after September 1, 1975. The District Clerk of Dallas County, pursuant to the request of Manley and Phillips, issued and placed in the hands of the Dallas County Sheriff a writ of execution which did provide for interest on the judgment at the rate of six percent per annum from April 28, 1976, until August 31, 1975, and thereafter at the rate of nine percent per annum. Sammons Enterprises filed this suit to enjoin levy of such writ of execution because execution permitted a different rate of interest than provided by the judgment. After a hearing, the trial court denied Sammons Enterprises' application for temporary injunction.

The court of civil appeals, however, held that the judgment continues to bear interest at the old rate, and restrained the sheriff and district clerk, as well as Manley and Phillips, from levying execution on the judgment for an amount in excess of six percent per annum. 554 S.W.2d 205.

In the companion case of *Coastal Industrial Water Authority v. Trinity Portland Cement Division,* we held that the 1975 amendment increasing the rate of interest on judgments should be applied only to judgments entered after the effective date of the statute, September 1, 1975. Therefore, the court of civil appeals did not err in enjoining the sheriff and the district clerk, as well as the judgment holders, from levying execution on the judgment for an amount in excess of six percent per annum.

The judgment of the court of civil appeals is affirmed.