COASTAL INDUSTRIAL WATER
AUTHORITY, Plaintiff,

v.

TRINITY PORTLAND CEMENT DIVI-
SION, GENERAL PORTLAND CE-
MENT COMPANY, Defendant.

No. B-6839.

Supreme Court of Texas.

March 15, 1978.

Rehearing Denied May 3, 1978.

Fred Spence, Houston, for plaintiff.

William H. White, Houston, for defendant.

BARROW, Justice.

The question on this appeal is whether a statutory change in the rate of interest on judgments applies to a judgment rendered before the effective date of the change so as to make the judgment bear interest at the new rate from the date of the change.

Tex.Rev.Civ.Stat.Ann. Art. 5069–1.05 provides the rate of interest that judgments of the courts of this State shall bear. This statute was amended by the legislature in 1975 to increase the rate of interest from six percent to nine percent effective September 1, 1975. The amended statute provides:

All judgments of the courts of this State shall bear interest at the rate of nine percent per annum *from and after the date of the judgment*, except where the contract upon which the judgment is founded bears a specified interest greater than nine percent per annum, in which case the judgment shall bear the same rate of interest specified in such contract, but shall not exceed ten percent per an-

num, from and after the date of such judgment. (Emphasis added)

On June 17, 1974, Trinity Portland Cement Division (Trinity) recovered judgment against Coastal Industrial Water Authority (CIWA) for the sum of $2,537,473.74 with interest thereon at the rate of six percent per annum from date of judgment. The mandate was issued on January 26, 1976, after the appeal had been exhausted. On February 12, 1976, CIWA deposited into the registry of the trial court the sum of $2,789,830.72, which was the principal sum recovered by Trinity with interest thereon at the rate of six percent from date of judgment until that date. This amount was withdrawn by Trinity on February 17, 1976. On June 4, 1976, Trinity filed this suit seeking to recover from CIWA the sum of $34,412.32 being an amount equal to the three percent difference between the six percent interest rate specified in the judgment and nine percent computed from September 1, 1975, until date of payment. The trial court granted CIWA's motion for summary judgment and rendered a take-nothing judgment. The court of civil appeals reversed the judgment of the trial court and rendered judgment on Trinity's motion for summary judgment that it recover the sum of $34,412.32. 551 S.W.2d 76. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Under two early decisions, one by a court of civil appeals and the other by the United States Supreme Court involving an interpretation of Texas law, the parties' rights and liabilities were deemed fixed at the time judgment was entered and subsequent changes in the statutory rate were held to have no effect on the interest rate as specified in the judgment. *Missouri Pacific Railroad Co. v. Patton*, 35 S.W. 477 (Tex. Civ.App.-1896, writ ref'd); *Texas & Pacific R.R. Co. v. Anderson*, 149 U.S. 237, 13 S.Ct. 843, 37 L.Ed. 717 (1893). In *Herron v. Lackey*, 556 S.W.2d 246 (Tex.1977) this Court, without discussion of the point, gave prospective application only to the amended

statute by reforming the judgment of the court of civil appeals, which provided for nine percent interest, so as to permit recovery of interest from date of the trial court's judgment at six percent, "being the effective rate before the recent amendment."

The Texas cases to the contrary are distinguishable. In *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11 (1897), this Court held that where the statutory rate of *prejudgment* interest was changed during the pendency of suit, interest was properly computed on the amount of recovery at the rate in effect to the date of the change in the law and at the new rate thereafter. However, there the change in the law was made before the judgment was rendered by the trial court so that the case did not involve the question now before us. In *Southwestern Bell Telephone Co. v. Hertz Equipment Rental Co.*, 533 S.W.2d 853 (Tex. Civ.App.-Fort Worth 1976, writ ref'd n. r. e.), and in *Donahue v. Rattikin Title Co.*, 534 S.W.2d 156 (Tex.Civ.App.-Fort Worth 1976, no writ hist.), the trial courts denied all recovery in judgments rendered before September 1, 1975. The court of civil appeals reversed and rendered judgments for plaintiffs after September 1, 1975. The judgment in each of these cases as rendered by the court of civil appeals authorized interest at the rate of six percent before September 1, 1975, and at nine percent thereafter. There was no discussion in either case of the proper rate of interest, but the judgments as rendered by the court of civil appeals were correct in providing for interest at the rate of nine percent in that both judgments were rendered after the effective date of the change in the statutory rate.

There is a division of authority in other states as to the effect of a change in the statutory interest rate upon outstanding judgments. 4 A.L.R.2d 932 (1949); 45 Am. Jur.2d, *Interest and Usury* § 11 (1969). Some hold, as did *Patton* and *Anderson*, that the rights and liabilities of the parties were fixed by the judgment under the law

as it then existed; when the judgment was rendered it became a certain and fixed demand that would not fluctuate with changes that might thereafter be made in the law, unless it clearly appeared that such laws were intended to have such a retroactive effect. *See Sunray DX Oil Co. v. Great Lakes Carbon Corp.*, 476 P.2d 329 (Okl.1970); *Bartlett v. Heersche*, 209 Kan. 369, 496 P.2d 1314 (1972); *State v. Ronaldson*, 316 So.2d 898 (1st Cir.Ct. La.,1975); *Meyering v. Russell*, 53 Mich.App. 695, 220 N.W.2d 121 (1974); *McKee v. Harris-Seybold Co.*, 118 N.J.Super. 480, App. 288 A.2d 585 (Div.1972); *Brauer v. City of Portland*, 35 Or. 471, 58 P. 861 (1899).

Others hold that interest on judgments is not a matter of contract, but is instead an obligation imposed by statute, and that the right to receive interest depends entirely upon what the legislature chooses to prescribe. Since no vested rights are involved, the new rate applies after the effective date of the amended statute. *Noe v. City of Chicago*, 56 Ill.2d 346, 307 N.E.2d 376 (1974); *Swanson v. Flynn*, 75 N.D. 597, 31 N.W.2d 320 (1948); *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.*, 54 Idaho 765, 37 P.2d 407 (1934); *Stanford v. Coram*, 28 Mont. 288, 72 P. 655 (1903).

█ It is the law of this State, and the law generally, that, in the absence of any special indication or reason, a statute will not be applied retroactively, even when there is no constitutional impediment against it. Thus statutes will not be applied retroactively unless it appears by fair implication from the language used that it was the intention of the legislature to make it applicable to both past and future transactions. *State v. Humble Oil & Refining Co.*, 141 Tex. 40, 169 S.W.2d 707 (1943); *Hockley County Seed & Delinting, Inc. v. Southwestern Investment Co.*, 476 S.W.2d 38 (Tex.Civ.App.-Amarillo 1971, n. r. e.).

There is nothing in the language used in the amended statute which either plainly states or reasonably implies, that the legislature intended that the new rate of interest shall operate retroactively although it is apparent that the legislature could have easily so provided had this been their intention. To the contrary, the provision in the amended statute that judgments shall bear interest at the rate of nine percent "from and after the date of such judgment" plainly suggests that the rate shall be applied prospectively only. In fact, Trinity does not actually seek a literal retroactive construction. Rather it seeks to impose the new rate only from the effective date of the amendment. Nevertheless, this construction would result in a retroactive application of the new rate if applied to judgments which had already become final.

Here the amended rate was urged in a new suit filed by Trinity after the judgment had apparently been discharged by Trinity's unqualified acceptance of payment of principal and interest in accordance with the express terms of the judgment. It is urged that this acceptance is not binding upon Trinity because it only accepted an uncontroverted sum which did not constitute the "entire judgment." *See Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). Such a construction, however, would violate the principle of finality of judgments and cast doubt and uncertainty upon many judgments and even judgment liens which have apparently been discharged.

█ Furthermore, the fact that the amended statute carries forward the same language considered by the *Patton* court indicates a legislative adoption of the construction theretofore given said statute. The rule is well settled that when a statute is re-enacted without material change, it is presumed that the legislature knew and adopted the interpretation placed on the original act and intended the new enactment to receive the same construction. *Love v. Wilcox*, 119 Tex. 256, 28 S.W.2d 515 (1930); *In re Estates of Carrigan*, 517 S.W.2d 817 (Tex.Civ.App.-Tyler 1974, no writ.)

█ We conclude that the 1975 amendment increasing the rate of interest on

judgments should be applied only to judgments rendered after the effective date of the statute. The judgment of the court of civil appeals is therefore reversed and the judgment of the trial court is affirmed.