Affirmed and Memorandum Opinion filed July 17, 2003









Affirmed and Memorandum Opinion filed July 17, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00692-CV

____________

 

SONNY ELLEN, Appellant

 

V.

 

BRAZOS COUNTY BAIL BOND BOARD,
Appellee

 



 

On
Appeal from the 361st District Court

Brazos County, Texas

Trial
Court Cause No. 53,537-361

 



 

M
E M O R A N D U M   O P I N I O N

Asserting
five points of error, appellant Sonny Ellen appeals the granting of summary
judgment in favor of appellee Brazos County Bail Bond Board (the ABoard@)
in a suit challenging the Board=s denial of appellant=s bail bond license renewal. 
We affirm.

FACTUAL
AND PROCEDURAL HISTORY








In
May, 2001, appellant, a bail bondsman, filed a renewal application with
appellee, seeking renewal of his license to write bail bonds.   On July 6, 2001, the Board conducted a
hearing on appellant=s application for renewal and denied it based on (1) appellant=s
submission of a noncompliant and incomplete financial statement, (2) appellant=s
submission of a noncompliant oath with his financial statement; and (3)
appellant=s failure to pay at least ten bond forfeiture judgments within
thirty days as mandated by law.  See Tex. Occup. Code Ann. ' 1704.204(a) (Vernon 2002).  

Five
days after denial of appellant=s renewal application, appellant filed an original petition for
reinstatement of his license and appealed the Board=s
decision.  The Board filed an answer and,
seven months later, moved for summary judgment. 
Appellant filed a response to the Board=s motion, alleging the Board=s motion for summary judgment was mooted by his purported
correction of his defective oath and by provision of previously-omitted
financial information.  Appellant also
attached an affidavit to his response asserting that he was in the process of
paying the delinquent bond forfeiture judgments. 

Appellee=s
motion for summary judgment was heard on April 24, 2002 and granted on June 22,
2002.  Although appellant attempted to
file a supplemental response to appellee=s summary judgment motion thirty-three days after the hearing,
the trial court denied his motion for leave to do so.  This appeal results from the trial court=s
order granting summary judgment and denying appellant=s
motion for leave to file a supplemental response.

ISSUES
ON APPEAL

Appellant
argues summary judgment was improper, because (1) four of the exhibits attached
to appellee=s summary judgment motion were defective and therefore could
not be considered by the trial court; (2) two of appellee=s
grounds for summary judgment were based on inaccurate interpretations of the
law; (3) one of appellee=s grounds for summary judgment was based on an Aunconstitutionally
vague@
statute; and (4) appellant=s financial statement did in fact meet the requirements set out
by Chapter 1704 of the Texas Occupation Code, hereinafter referred to as the
Bail Bond Act.  Tex. Occ. Code Ann. '' 1704.001B1704.306 (Vernon 2002).








STANDARD
OF REVIEW

Summary
judgment is proper when the movant establishes that there is no genuine issue
of material fact and that he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Hughes
Wood Products, Inc. v. Wagner, 18 S.W.3d 202, 205 (Tex. 2000).  Summary judgment is proper when the defendant
negates at least one element of each of the plaintiff=s
theories of recovery or pleads and conclusively establishes each element of an
affirmative defense.  See Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Lake
Charles Harbor & Terminal Dist. v. Board of Trustees of Galveston Wharves,
62 S.W.3d 237, 241 (Tex.
App.CHouston [14th Dist.]
2001, pet. denied).

Once
the movant has established entitlement to summary judgment, the burden shifts
to the nonmovant to show why summary judgment should not be granted.  Casso v. Brand, 776
S.W.2d 551, 556 (Tex.1989).  In
deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true.  Nixon v. Mr. Property
Management Co., 690 S.W.2d 546 (Tex. 1985).  Every reasonable inference must be indulged
in favor of the nonmovant and any doubts resolved in his favor.  Id.  

WAS
APPELLEE ENTITLED TO SUMMARY JUDGMENT? 

 

In
his original petition, appellant sued for reinstatement of his bail bond
license.  Bail Bond Act, a bail bond
board may deny an application for renewal of a bail bondsman=s
license if the board determines Aa ground exists to deny the application.@  Tex.
Occ. Code Ann. ' 1704.162(d)(3) (Vernon 2002).








One
ground for a Board=s denial of a license renewal is failure to timely pay a
judgment on a forfeited bond.  See
Harris County Bail Bond Bd. v. Burns, 881 S.W.2d 61, 64 (Tex. App.CHouston [14th Dist.] 1994, writ denied) (holding that the list of reasons
enumerated in the Texas Occupation Code for revoking or suspending bail bond
licenses is applicable to denial of license renewals); Tex. Occ. Code Ann. ' 1704.252(8) (Vernon  2002) (providing that failure to
timely pay judgments to be a ground for revocation or suspension of a bail bond
license).  To timely pay a final judgment
on a forfeiture of a bail bond, a license holder Ashall pay . . . not later than the 30th day after the date of
the final judgment.@  Tex. Occ. Code Ann. ' 1704.204(a) (Vernon 2002).  

Another
ground for denial of a license renewal is failure to Acomply
with the requirements of an original license application.@  See id. at '
1704.162(c).  An original license
application must be Ain the form and containing the information@
prescribed by the county bail bond board and be
accompanied by Aa complete, sworn financial statement.@
See id. at '' 1704.154(b)(1) and (b)(4)(A).

On
April 24, 2002, when the trial court held its hearing on appellee=s
summary judgment motion, appellee presented undisputed evidence to show
appellant had failed to meet the requirements of the Texas Occupation
Code.  First, appellee submitted an
affidavit, 
investigative report, and copy of appellant=s
May, 2001, renewal application to show appellant had failed to provide the
necessary nine Aschedules@ required by the Board to accompany applicant=s
financial statements.[1]  Next, appellee submitted the same affidavit,
investigative report, and copy of appellant=s May, 2001, application to show appellant had failed to
execute a properly sworn financial statement, choosing instead to proffer an
oath that his one-page summary was true and correct Ato
the best of [his] knowledge and belief.@ Finally, appellee submitted the affidavit and investigative
report to show that, at the time the Board held its hearing on appellant=s
license renewal, appellant had twelve unpaid judgments on forfeited bonds.








Because
appellee presented uncontroverted summary judgment proof supporting the fact
that appellant committed three acts or omissions constituting grounds upon
which the Board could deny renewal of his application, appellee was entitled to
summary judgment as a matter of law.  The
burden then shifted to appellee to present summary judgment proof raising a
genuine issue of material fact precluding summary judgment.  This he did not do.

WAS
APPELLEE=S

SUMMARY JUDGMENT PROOF ADMISSIBLE?

 

In
his first point of error, appellant complains that four of the six exhibits
attached to appellee=s motion for summary judgment are inadmissible as summary
judgment proof.  The exhibits are Aunauthenticated,
unsworn, and unsupported by affidavit,@ he contends; thus, they are not proper summary judgment
proof.  Because appellant raises his
objections to this evidence for the first time on appeal, however, we find
appellant has waived his complaint.

Without
proper objection, defects in the form of summary judgment proof are waived.  Tex.
R. Civ. P. 166a(f); Life Ins. Co. of
Virginia v. Gar-Dal, Inc., 570 S.W.2d 378, 381 (Tex. 1978).  This includes defects in the authentication
of attachments in support of a motion for summary judgment.  Skelton v. Commission for Lawyer
Discipline, 56 S.W.3d 687, 692 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Watts v. Hermann Hosp., 962 S.W.2d 102,
105 (Tex. App.CHouston [1st Dist.] 1997, no pet).

Here,
appellee presented six exhibits in support of its motion for summary
judgment:  Exhibit 1 was a transcript of
a Board hearing which appellant attended as a member of the Board and at which
new application requirements were adopted; Exhibit 2 was a copy of a uniform
sworn application and financial statement for use by applicants seeking
licensure from the Board; Exhibit 3 was a sworn affidavit by Hoyt Hoffman, a
Board investigator; Exhibit 4 was appellant=s May 11, 2001 application upon which the Board based its
decision; Exhibit 5 was a copy of the relevant sections of the Bail Bond Act;
and Exhibit 6 was Hoffman=s investigative report on appellant=s
application for renewal. 








Appellant
objects to Exhibits 1, 2, 4 and 6 as unauthenticated hearsay, complaining that
Hoffman=s
affidavit did not provide proper authentication.  He also complains that Hoffman=s
affidavit lacked specificity in referencing the exhibits and that Hoffman did
not say the exhibits were Atrue copies of the originals.@   

These
objections to the form of the summary judgment proof, however, were never
presented to the trial court either before or at the time of the summary
judgment hearing.  Thus, they were
waived.  See Skelton, 56 S.W.3d at
692; Landry=s Seafood Restaurants, Inc. v. Waterfront Café, Inc., 49 S.W.3d 544, 551 (Tex. App.CAustin
2001, pet. dism=d).

Because
appellant did not timely object to the form of appellee=s
summary judgment proof, the exhibits are not denied probative value.  See Watts, 962
S.W.2d at 105.  Thus, we overrule
appellant=s first point of error.

WAS
SUMMARY JUDGMENT BASED

ON INCORRECT INTERPRETATIONS OF THE LAW?

 

In
his second and fourth points of error, appellant argues that two of appellee=s
grounds for summary judgment were based on incorrect interpretations of the
law.  Because non-renewal based on a
failure to timely pay a final judgment is based on an interpretation of an old
statute, and because there is no specific requirement that personal financial
statements follow a prescribed form, appellant contends, summary judgment was
improper.  We disagree.

1.       Reliance on Burns was proper.

In
both appellant=s May 11, 2001 application to the Board and appellant=s
brief, appellant acknowledges he had outstanding judgments that were not paid
within thirty days of the date of the final judgment on forfeited bonds.  Additionally, the Board=s
investigator discovered at least two more undisclosed delinquent judgments that
were not paid within thirty days.   








Because
such delinquent payments are, as a matter of law, grounds for denying a bail
bondsman=s
renewal application, the Board was justified in declining to renew appellant=s
application on this basis.  See Burns,
881 S.W.2d at 64B65 (failure to timely pay judgments on forfeited bonds
constitutes grounds for denial of license renewals).[2]

Appellant
argues, however, that because the Texas Legislature recodified the statutes
governing licensure of bail bondsmen in 1999Cfive years after the Burns decisionCBurns no longer applies.  We
disagree.  

First,
the new act set forth in the Texas Occupation Code essentially mirrors the
provisions of the former Bail Bond Act.  See
Tex. Occ. Code
Ann. ' 1.001 (Vernon Supp. 2003) (AThis code . . . contemplates a topic-by-topic
revision of the state=s general permanent statute law without substantive
change@).  Indeed, the only discernable change between
former Section 8 of the superceded act and section 1704.162(d) of the current
Act is that the former provided A[i]f the Applicant=s current license has not been suspended or revoked . . . and
if the Board knows no legal reason why the application should not be
renewed, the license may then be renewed for a period of 24 months . . .,@
and the latter provides A[a] board may approve an application for renewal if: [t]he
board does not determine that a ground exists to deny the application.@  (Emphasis added).  Compare Tex. Occ. Code Ann '' 1704.162, 252B53 (Vernon 2002) with Tex. Rev. Civ. Stat. Ann. art.
2372p-3, '8(a)
(Vernon Supp. 1994). 

Second,
the Legislature presumably enacted the change with complete knowledge of
existing law.  Acker
v. Texas Water Comm=n,
790 S.W.2d 299, 301 (Tex. 1990).  See
also Coastal Indus. Water Auth. v. Trinity Portland Cement Div., 563 S.W.2d
916, 918 (Tex. 1978) (it is presumed the Legislature knew and adopted interpretation
placed on original act and intended for new enactment to receive same
construction). 








 Indeed, knowledge of the existing law was most
likely the impetus for the change: two different courts of appeals had, prior
to supreme court review, come to two radically different conclusions about
whether a bail bondsman=s failure to timely pay outstanding judgments on forfeited
bonds could constitute a Alegal reason@ for denying a renewal application.  See Harris Co. Bail Bond Bd. v. Blackwood,
2 S.W.3d 31, 37 (Tex.
App.CHouston [1st Dist.]
1999) (denial of a bail bondsman=s renewal application is improper based on failure to
timely pay judgments), rev=d 41 S.W.3d 123
(Tex. 2001); Burns, 881 S.W.2d at 64 (denial of a bail bondsman=s
renewal application is proper based on failure to timely pay judgments).[3]  By no longer requiring a Alegal
reason@
for denial of a bail bondsman=s application, the Legislature removed the confusion and
ensured the language of the statute tracked other provisions of the Act.  See e.g. Tex. Occ. Code Ann. ' 1704.252 (listing the Agrounds@ upon which boards have discretion to revoke or suspend
licenses); '  1704.253 (listing the Agrounds@
upon which boards are required to revoke or suspend licenses); and '
1704.159 (enumerating what boards must do if they determine a  Aground@ exists to deny an application).

Because
we find the new law mirrors the old and the Legislature intended for the new
enactment to receive the same construction as the old, we conclude Burns
still applies and summary judgment was proper. 
Thus, we overrule appellant=s second point of error.

2.       Reliance
on subsection 1704.162(d)(2) of the Bail Bond Act was
also proper.

 








In
his fourth point of error, appellant asserts the second ground for appellee=s
summary judgment was also based upon an inaccurate interpretation of law.  Specifically he claims the Board=s
reliance on subsection 1704.162(d)(2) of the Texas
Occupation Code (Bail Bond Act) was improper because there is no Arequirement@
under the Bail Bond Act that personal financial statements follow a form
prescribed by the bail bond board.  See
id. at ' 1704.162(d)(2) (AA board may approve an application for renewal if . . . the
application complies with the requirements of this chapter . . .@).  We disagree.

To
become licensed under the Bail Bond Act, a person must apply for a license by
filing Aa
sworn application with the board.@  Id.
at '
1704.154(a).  This application
must be Ain
a form and contain the information prescribed by the board.@  Id. at ' 1704.154(b)(1).  Moreover, it is up to each county=s
board to determine what is required in its particular county=s
bail bond application.  Id. at '
1704.101 (A[a] board shall: (1) exercise powers incidental or necessary to
the administration of this chapter; . . . (3) supervise and regulate each phase
of the bonding business in the county; [and] (4) adopt and post rules necessary
to implement this chapter . . .@).  

Here,
the bail bond board required Brazos County applications to contain financial
statements with nine schedules of information. 
Additionally, it determined the financial statements were to be sworn to
under Apenalty
of perjury.@  See id. at ' 1704.154(b)(4)(A); Brownlee v. Brownlee, 665 S.W.2d
111, 112 (Tex. 1984) (holding that, unless authorized by statute, an oath is
insufficient unless its allegations are direct and unequivocal and perjury can
be assigned upon it).

Because
the Board was acting within its rulemaking authority to prescribe what is
included in license applications in Brazos County, and because appellant failed
to comply with the Board=s application requirements, appellant necessarily Afailed
to comply with the requirements@ of the Bail Bond Act. 
Therefore, the Board=s second ground for denying appellant=s
license renewalCi.e., that appellant failed to comply with the requirements of
the Bail Bond ActCwas based upon an accurate interpretation of the law.  Thus, we overrule appellant=s
fourth point of error.








IS
THE BAIL BOND ACT 

UNCONSTITUTIONALLY VAGUE?

 

In
his third point of error, appellant asserts the statute upon which the Board
based its first ground for denial of appellant=s applicationCnamely, that appellant created a Aground@ for denial when he failed to pay his final judgments in a
timely mannerCis unconstitutionally vague. 
See Tex. Occ. Code Ann.
'
1704.162(d)(3) (Vernon 2002).  Because subsection 1704.162(d) does not
provide a list of offending activities or incorporate by reference the
revocation and suspension criteria of subsections 1704.252 and 1704.253, he
contends, ordinary bail bondsmen are not informed that failure to pay judgments
within 30 days of forfeiture can result in non-renewal of their licenses.  See id. at ''
1704.252B.253.  Appellant, however, has failed to preserve
this issue for appeal.

Appellant
has not cited, and we have not found, any place in the record showing that
appellant raised this issue in his response to the Board=s
summary judgment.  Issues not expressly
presented to the trial court by written motion, answer or other response shall
not be considered on appeal as grounds for reversal of a summary judgment.  Tex.
R. Civ. P. 166a(c); see also City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  Accordingly, we overrule appellant=s
fourth point of error. 

DID
APPELLANT=S FINANCIAL STATEMENT

MEET
THE REQUIREMENTS OF THE ACT?

 

In
his fifth and final point of error, appellant asserts that his financial
statement properly met the requirements of section 1704.154 of the Bail Bond
Act and so could not serve as the basis for summary judgment.  We disagree.








As
stated earlier, a bail bondsman=s application must Abe in a form and contain the information prescribed by the
board.@  See Tex.
Occ. Code Ann. '1704.154(b)(1) (Vernon Supp.
2003).  In Brazos County, the boardCnamely,
appelleeChas
determined renewal applications must include (1) a financial statement with
nine Aschedules@
of information, and (2) a financial statement that is sworn to Aunder
penalty of perjury . . . [to be] a true, correct, and complete recitation of
all assets and liabilities, known or contingent, of the applicant.@[4]

Appellant=s
May 11, 2001 application, however, did not include the required
financial statement with the prescribed nine schedules of information; rather,
it included a one-page summary of appellant=s assets and liabilities. 
Additionally, appellant=s statement was not sworn to Aunder penalty of perjury@; rather, his oath stated only that Arepresentations
therein contained are true and correct to the best of [appellant=s]
knowledge and belief.@  Where the Texas
Occupation Code has not expressly authorized an oath to be made to the best of
one=s
knowledge or belief, such an oath is not sufficient.  See Brownlee, 665 S.W.2d at 112
(unless authorized by statute, an oath is insufficient unless its allegations
are direct and unequivocal and perjury can be assigned upon it).[5]


Because
appellant=s financial statement failed to include (1) the Board=s
required nine schedules, and (2) a properly-sworn oath, appellant=s
May 11, 2001 renewal application failed to be Ain the form and contain the information prescribed by the
board.@
 See Tex. Occ. Code Ann. '1704.154(b)(1) (Vernon Supp.
2003).  As such, the Board was justified
in denying renewal of appellant=s bail bond license on this ground. See id. at '1704.154.  








Having
found the Board was justified in denying appellant=s
license renewal on the ground appellant failed to provide a proper financial
statement with his application, we conclude the trial court did not err in
granting summary judgment on this basis.  
Accordingly, we overrule appellant=s fifth point of error.

CONCLUSION

We affirm the trial court=s
judgment.

 

 

 

/s/        John
S. Anderson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed July 17, 2003 (Guzman, J. concurs in
result only).

 

Panel
consists of Justices Anderson, Seymore, and Guzman.











[1]  In his brief,
appellant concedes that Ait may be true that the Appellant did not complete, at
the board level, the precise schedules called for in the bail bond board=s >personal financial statement.=@ He argues, however, that he provided the proper
information in Aanother form.@  We have reviewed the evidence and conclude
there is no summary judgment proof to suggest appellant provided all the
information required by the Board.





[2]  The
Burns court reasoned that if suspension or revocation of a bail bondsman=s
license could take place based on failure to timely pay judgments, so, too,
could denial of renewal applications.  Burns, 881 S.W.2d at 64B65.  The court=s
decision was based on an interpretation of Tex.
Rev. Civ. Stat. Ann. art.
2372p-3 '8(a),
the predecessor to subsection 1704 of the Texas Occupation Code.  Id. at 64. 

 





[3]  In Burns,
this court noted there was Aa significant weakness in the Act regarding the . . .
meaning for the term >a legal reason.=@ Burns,
881 S.W.2d at 64. 
It is this weakness that the Legislature obviously sought to remove with
its recodification change. 





[4]  The form
proffered by the Board for applicants to use as a template for their financial statements  is an
eight-page document.  In addition to
providing a cash flow statement and a listing of assets and liabilities,
applicants are required to complete nine schedules, including (1) a list of all
checking and savings accounts; (2) a list of all stocks and bonds; (3) a list
of all notes and accounts receivables; (4) a list of all life insurance
policies; (5) a list of all automobiles owned by applicant; (6) a list of all
notes and accounts payable; (7) a list of all real estate owned; (8) a list of
all mortgages payable; and (9) a list of all oil interests.





[5]  Appellant
urges that Brownlee=s
requirement of a solemn oath is restricted only to summary judgments; however,
this is not true.  See e.g. Burke v.
Satterfield, 525 S.W.2d 950 (Tex. 1975) (oath of probate administration); Graham
v. McCarty, 7 S.W. 342 (Tex. 1887) (plea in abatement); Spinks v.
Matthews, 15 S.W.1101 (Tex. 1891) (petition for certiori); In the
Interest of Simpson, 932 S.W.2d 674 (Tex. App.CAmarillo 1996, no writ) (306a  motion); Int=l Turbine Serv., Inc. v. Lovitt, 881 S.W.2d 805 (Tex. App.CFort Worth 1994, writ denied) (special appearance).