(No. 45334—

ROSE NOE, Appellant, v. THE CITY OF CHICAGO, Appellee.—(Robert Bogoff, Appellant.)

*Opinion filed January 31, 1974.*

Blumenthal and Schwartz, of Chicago (Milton M. Blumenthal, Arthur F. Schwartz, and Richard Lee Stavins, of counsel), for appellant Rose Noe.

Block, Levy & Becker, and Mural J. Winstin, both of Chicago (Alvin R. Becker, of counsel), for appellant Robert Bogoff.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Harvey N. Levin, Assistants Corporation Counsel, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

On March 26, 1968, the circuit court of Cook County entered judgment in the amount of $1750 for the plaintiff, Rose Noe, against the City of Chicago, the defendant, for personal injuries. Effective August 29, 1969, section 3 of the Interest Act was amended to increase the interest rate

on outstanding judgments from 5% to 6%. (Public Act 76—1166, Ill. Rev. Stat. 1971, ch. 74, par. 3.) The City of Chicago in August 1970 tendered the amount of the judgment together with interest accrued to that date at the rate of 5%, and, when the tender was rejected, refused the plaintiff's demand for interest on the judgment at the rate of 6% from August 29, 1969.

Thereafter, Rose Noe filed a complaint in equity in the circuit court of Cook County, individually and on behalf of all persons who held or hold judgments against the City of Chicago which had been entered prior to August 29, 1969, and "to whom payment of such judgments was or will be made after August 29, 1969." In it the plaintiff asked that the court order the defendant to pay interest on all judgments entered prior to August 29, 1969, at the rate of 5% from the date of the judgment to August 29, 1969, and thereafter at the rate of 6%. In addition, the plaintiff sought an injunction restraining the defendant from paying interest for any period after August 29, 1969, at the rate of 5% on any judgment which had been entered prior to the effective date of the amendment.

When the trial court allowed the defendant's motion to dismiss, the plaintiff filed a notice of appeal to the appellate court. Subsequently, Robert Bogoff, who had recovered a judgment for $85,000 in an unrelated action against the defendant in January 1969, filed a petition to intervene in the circuit court. That court denied the petition, saying that because of the filing of the notice of appeal it no longer had jurisdiction in the proceeding. Bogoff, who took the same position as the plaintiff regarding the effect of the change of the rate of interest, then filed a notice of appeal to the appellate court from the circuit court's dismissal of the plaintiff's complaint. The appellate court, upon the defendant's motion, struck the brief filed by Bogoff in that court and dismissed him as an appellant. No opinion was filed by the appellate court.

This court allowed Bogoff's petition for leave to appeal and also ordered the plaintiff's appeal transferred to this court under our Rule 302(b) (50 Ill.2d R. 302).

We shall consider: (1) whether judgments entered against the City of Chicago prior to the amendatory legislation increasing the interest rate from 5% to 6% shall accrue interest at a rate of 5% up to the effective date of the legislation and at a rate of 6% thereafter until satisfaction; (2) whether it will be necessary to examine Bogoff's claim that the appellate court erred in dismissing him as appellant.

There is a division of authority as to the effect of a change in the statutory interest rate upon outstanding judgments. 4 A.L.R.2d 932.

Some decisions have held that a judgment is in reality a contract and that when entered by the court the rights of the parties become fixed, so that the rate of interest in existence at the time of judgment controls. See *Bartlett v. Heersche,* 209 Kan. 369, 496 P.2d 1314; *Parish of East Baton Rouge v. Harrison* (La. App.), 260 So. 2d 106.

Other holdings have been that interest is allowed only as a matter of statute and that interest must be calculated according to the varying rates during the time that the judgment remains unsatisfied. (*Morley v. Lake Shore & Michigan Southern Ry. Co.,* 146 U.S. 162, 36 L. Ed. 925; *Otoe County Nat. Bank v. Delany* (8th Cir.), 88 F.2d 238; *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.,* 54 Idaho 765, 37 P.2d 407; *People ex rel. Atlantic, Gulf and Pacific Co. v. Miller,* 173 Misc. 397, 17 N.Y.S.2d 202; *Swanson v. Flynn* 75 N.D. 597, 31 N.W.2d 320; *Yamamoto v. Costello,* 73 Misc. 2d 592, 342 N.Y.S.2d 33.

This court has not passed on the exact question, but it has addressed itself to a resembling question of what interest, where there was no agreement for its payment, is to be paid a creditor after an obligation becomes due and there has been a change in the statutory rate of interest. In *Firemen's Fund Insurance Co. v. Western Refrigerating Co.,* 162 Ill. 322, the trial court had instructed the jury, in

effect, that a statutory change in the rate of interest after an obligation had become due would not affect the amount of interest owed the creditor. This court held the instruction to have been error, saying: "There was no stipulation or agreement of parties for the payment of interest, and it was allowable only by virtue of the statute. The plaintiff, if entitled to recover, would be allowed to receive interest at the rate therein fixed. (*Peoria Marine and Fire Ins. Co. v. Lewis,* 18 Ill. 553; *Knickerbocker Ins. Co. v. Gould,* 80 id. 388.) On May 28, 1891, the statute allowed creditors to receive interest at the rate of six per cent per annum where there was no contract, but the statute was amended by the act in force July 1, 1891, changing the rate of interest from six to five per cent. Interest was not allowed at common law, but is solely the creature of the statute, and can only be recovered according to its terms. The rights of the parties in respect to interest were not governed by contract, but by statute, which might be changed at any time in the pleasure of the legislature, without impairing any contract or affecting any vested right. After July 1, 1891, there ceased to be any statute allowing interest at the rate of six per cent per annum, and the instruction was wrong. If money became due, under the provisions of the policy, before July 1, 1891, it would draw interest at six per cent to that date and at five per cent thereafter. This is not, in any sense, giving a retrospective effect to the statute." 162 Ill. at 323.

We judge that the *ratio decidendi* of *Firemen's Fund Insurance Co.* applies with equal force and validity to the question of interest on a judgment. Further, we consider that the holdings that a judgment is a contract or in the nature of a contract are forced and unrealistic. To be preferred are the holdings that interest on a judgment arises from a statute's operation and not from any contract or other agreement of the parties.

We are not dissuaded from this view by the defendant's argument that applying the 6% interest rate to judgments entered prior to the statutory amendment

amounts to a retroactive application of legislation, which is disfavored. We do not consider we are giving retroactive effect to the Interest Act amendment. (*Firemen's Fund Insurance Co. v. Western Refrigerating Co.*, 162 Ill. 322, 323.) Rather, under our holding there is a prospective application of the new interest rate from the effective date of the amendment. Interest is purely a statutory creation. (*Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill.2d 518.) The legislature may increase, decrease or eliminate the statutory interest rate as long as it does not interfere with rights which have already accrued and vested under a previous statutory rate. Interest accrues only on a daily basis. (*Tracey v. Shanley*, 311 Ill. App. 529.) Upon the effective date of the amendment the plaintiff became entitled to interest at the increased rate.

It is unnecessary to consider Bogoff's contention that the appellate court's dismissal of him as an appellant was improper. Bogoff's position as to the rate of interest applicable was identical with that of the plaintiff. We have determined that question in favor of the plaintiff, and incidentally in favor of Bogoff and all others in the plaintiff's situation as well. Bogoff sought entrance to the appellate court in order to argue that the circuit court had erred in dismissing the plaintiff's complaint. We have judged the dismissal was error. There is now no real substance to the question Bogoff presents. Conceivably, however, there could be prejudice to him through this unreviewed order of the appellate court and, accordingly, we shall vacate the order which dismissed him as an appellant.

For the reasons given, the judgment of the circuit court of Cook County is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion. The order of the appellate court dismissing Robert Bogoff as an appellant is vacated.

*Judgment reversed and remanded;*
*order vacated.*