635 P.2d 178

Glenn McBRIDE and Cheryl McBride, husband and wife, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA COUNTY; Paul W. LaPrade, Judge Thereof; and Milne Truck Lines, Inc., a corporation, Respondents.

No. 15472.

Supreme Court of Arizona, In Banc.

Oct. 13, 1981.

Charles M. Brewer, Phoenix, for petitioners.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Thomas A. McGuire, Larry L. Smith, Phoenix, for respondents.

CAMERON, Justice.

We accepted this petition for special action in order to consider the effect of a statutory change in the legal amount of interest between the entry of judgment and the satisfaction of judgment. We took jurisdiction because there was no fast, speedy, adequate remedy by appeal and because it is a matter of statewide importance. A.R.S. § 12–120.24.

The facts necessary for a determination of this matter are not in dispute. On 24 January 1979, the petitioners, Glenn and Cheryl McBride, obtained a judgment for personal injury in the amount of $1,717,748.31 against the defendant, Milne Truck Lines, Inc. At the time of the judgment, the Arizona statute provided as follows.

"A. Interest for any legal indebtedness shall be at the rate of six per cent per annum, unless a different rate is contracted for in writing * * *." A.R.S. § 44–1201(A), as amended 1969, 1974, 1978.

The judgment provided for interest "at the rate of six per cent per annum from date of entry until paid." Defendant Milne appealed the judgment and filed a supersedeas bond. A.R.S. § 44–1201 was amended, effective 14 December 1979, to provide:

"A. Interest on any loan, indebtedness, judgment or other obligation shall be at the rate of ten per cent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to."

The McBrides contend that absent an agreement to the contrary, the rate of interest on the judgment was automatically increased from 6% to 10% per annum as of the effective date of the change in the statute. Milne Truck Lines disagrees contending that to do this would amount to a retroactive application of the statute and would be contrary to the judgment as a contractual obligation.

This appears to be a question of first impression in Arizona. Other courts have ruled both ways on this subject. See Annot., 4 A.L.R.2d 932 (1949) and cases cited therein. The split of authority appears to

be based upon whether the treatment of the amount of interest on the judgment is viewed as a contractual or statutory obligation. If the judgment or at least the interest thereon is considered a contractual obligation, then the rate of interest does not change as a result of the statutory change of the rate of interest. *Sunray DX Oil Co. v. Great Lakes Carbon Corp.*, 476 P.2d 329 (Okla.1970); *McKee v. Harris Seybold Co.*, 118 N.J.Super. 480, 288 A.2d 585 (1972). This rule applies even if the cause of action sounds in tort rather than contract. *Moore v. Travelers Indemnity Co.*, 352 So.2d 270 (La.App.1977), cert. denied 354 So.2d 1049 (La.1978). If, on the other hand, the judgment or at least the interest thereon is considered a statutory obligation, a change in the statutory rate of interest will result in a change in the rate of interest upon the judgment. *Noe v. City of Chicago*, 56 Ill.2d 346, 307 N.E.2d 376 (1974); *Idaho Gold Dredging Corporation v. Boise Payette Lumber*, 54 Idaho 765, 37 P.2d 407 (1934).

Although we admit to responsible authority to the contrary, we do not believe that a judgment is a contractual obligation. Judgments are the result of the operation of the law. They are seldom based upon mutuality of the parties. In the instant case, when the judgment was signed, there being no "different rate * * * contracted for in writing" (A.R.S. § 44–1201(A)), 6% interest was the only rate that could be included in the judgment. We believe that interest upon a judgment is a statutory and not a contractual obligation, and when the interest rate was changed by statute, the rate of interest on the judgment was also changed. We agree with the Illinois and Idaho courts:

> "Further, we consider that the holdings that a judgment is a contract or in the nature of a contract are forced and unrealistic. To be preferred are the holdings that interest on a judgment arises from a statute's operation and not from any contract or other agreement of the parties." *Noe v. City of Chicago*, supra, 56 Ill.2d at 349, 307 N.E.2d at 379.

And:

> "Interest upon a judgment is not a matter of contract, but is wholly statutory.

A judgment can bear interest at such a rate only as the law provides. Since the judgment in this case was entered, chapter 197 of the 1933 Session Laws reduced the rate of interest upon judgments from 7 per cent to 6 per cent * * *. The fact that the original judgment on its face provides for interest at 7 per cent is of no consequence, since the court had no power to provide for a rate other than that provided by law." *Idaho Gold Dredging Corporation v. Boise Payette Lumber Company*, supra, 37 P.2d at 412.

Respondents contend, however, that changing the rate of interest after judgment is a retroactive application of the new interest rate. We do not agree. The statute at the time of judgment provided for 6% interest; the 10% rate did not take effect until 14 December 1979 and was effective only after that date. It was not retroactive but prospective after the effective date of the statute:

> "We are not dissuaded from this view by the defendant's argument that applying the 6% interest rate to judgments entered prior to the statutory amendment amounts to a retroactive application of legislation, which is disfavored. We do not consider we are giving retroactive effect to the Interest Act amendment. (citation omitted) Rather, under our holding there is a prospective application of the new interest rate from the effective date of the amendment. Interest is purely a statutory creation." *Noe v. City of Chicago*, supra, 56 Ill.2d at 349–50, 307 N.E.2d at 379.

The defendant is entitled to 6% interest from the date of the judgment until 14 December 1979 and 10% interest thereafter. We hold that when the statute was changed, the legal rate of interest also changed, and that the interest rate stated in the judgment by statute is, absent specific agreement to the contrary, subject to later modification by statute.

Relief granted, and the matter is remanded for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.