642 P.2d 474

Joyce LOPEZ, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA and Argonaut Insurance Company and Doctors Hospital, real parties in interest, Respondents.

No. 15816–SA.

Supreme Court of Arizona, En Banc.

Feb. 24, 1982.

Rehearing Denied March 30, 1982.

Eugene A. Burdick, Phoenix, for petitioner.

Jennings, Strouss & Salmon by Steven C. Lester, Ronald H. Moore, Phoenix, for respondent (Argonaut Ins. Co. and Doctors Hospital).

Calvin Harris, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent (Industrial Commission).

HOLOHAN, Chief Justice.

The petitioner by this special action challenges the refusal of the Industrial Commission to order the respondent carrier to pay her, pending an appeal, the benefits awarded by the administrative law judge under the Workmen's Compensation Act.

The essential facts are not in dispute. The petitioner filed a claim for workmen's compensation on June 16, 1975 for an injury which occurred on April 10, 1975 while she was employed by respondent Doctors Hospital. The claim was processed in the usual manner, and on June 19, 1980 the Industrial Commission issued its Findings and Award for Unscheduled Permanent Partial Disability awarding the petitioner $62.74 per month.

The petitioner protested the June 19th award. A hearing was held before an administrative law judge which resulted in petitioner's being awarded $258.04 per month as compensation on June 24, 1981. The decision was affirmed on administrative review. The respondents carrier and employer challenged the award by filing a special action in the court of appeals.

The respondent carrier had been paying $62.74 per month to petitioner since the June 19, 1980 award. After the June 24, 1981 award the carrier continued to pay $62.74 per month, not the $258.04 that had been awarded after the last hearing.

The petitioner made demand for payment of the increased amount of compensation based on A.R.S. § 23–952, which provides:

When an order or award is issued by the industrial commission awarding permanent compensation benefits, compensation shall be paid as provided in such order or award and shall not be interrupted when there is a petition for hearing or appeal to a higher court. Any overpayment of permanent compensation resulting therefrom shall be credited against any future liability involving permanent compensation benefits in the same claim.

The carrier refused to pay the increased amount of compensation contending that the issue was on appeal and A.R.S. § 23–952 as amended did not apply to cases involving injuries occurring prior to the effective date of the amendment.

The petitioner sought relief from the Industrial Commission. The Commission determined that the legal position of the carrier was correct, and the Commission ruled that it was without jurisdiction to order the carrier to make the increased payments.

We accepted jurisdiction of this special action.

After our decision in *Brown v. Industrial Commission*, 111 Ariz. 300, 528 P.2d 826 (1974) pointing out the injustice inherent in former A.R.S. § 23–952, the legislature amended the statute. The amendment actually became effective September 12, 1975.

The respondent carrier maintains that the amendment was a substantive change in the law, was not intended to be retroactive, and could not constitutionally be retroactive even if so intended. The carrier's position is that any covered injury which occurred prior to September 12, 1975 is governed by the provision of A.R.S. § 23–952 before its amendment.

The carrier's legal position assumes that the amendment of A.R.S. § 23–952 was a substantive change which may not affect vested rights. We have recently had occasion to discuss this subject of substantive rights and retroactivity of statutes in *Chevron Chemical Company v. Superior Court*, 131 Ariz. 431, 641 P.2d 1275 (1982). Although the cited case dealt with a statute of limitation question, much of what was said in *Chevron* is applicable to this case.

We do not agree that A.R.S. § 23–952 as amended affected a substantive right. The statute, in our view, is procedural in that it does not create a right to compensation. The statute merely provides the manner in which the claimant can enforce the decision which has been made by the Industrial Commission. We are also satisfied that the legislature intended that the amendment of A.R.S. § 23–952 apply to pending claims which had not been the subject of an appealable award. *See McBride v. Superior Court*, 130 Ariz. 193, 635 P.2d 178 (1981); *Ballog v. Knight Newspapers, Inc.*, 381 Mich. 527, 164 N.W.2d 19 (1969); *Olson v. Hickman*, 25 Cal.App.3d 920, 102 Cal.Rptr. 248 (1972).

The respondent carrier challenges the petitioner's claim to the amount of the June 1981 award on yet another ground. The carrier contends that the award referred to in the A.R.S. § 23–952 as amended is the initial award issued by the Industrial Commission, which in this case would be the award of $62.74.

We disagree with the interpretation of the statute advanced by the carrier. The statute according to its terms applies to orders or awards in two separate instances. The statute applies anew when the hearing

process and review is completed in the Commission and an award for permanent compensation benefits has been made, which award is being appealed. Thus, as we read the statute, the petitioner was entitled to be paid the amount of the so-called initial award pending the hearing on that issue. After the hearing, the petitioner was entitled to be paid the increased amount of the award made by the administrative law judge until the case is resolved on appeal.

The order of the Industrial Commission denying jurisdiction to order payments of the award of $258.04 per month pending appeal is vacated, and the Industrial Commission is ordered to proceed consistent with the views expressed in this opinion.

GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.

CAMERON, J., did not participate in the determination of this matter.