713 P.2d 322

**Joseph B. MALECKY,**
**Petitioner/Appellee,**

v.

**Lana C. MALECKY,**
**Respondent/Appellant.**

**No. 2 CA–CIV 5307.**

Court of Appeals of Arizona,
Division 2, Department B.

Sept. 20, 1985.

Rehearing Denied Oct. 31, 1985.

Jack J. Rappeport, Tucson, for petitioner/appellee.

Johnston & Grynkewich by Gary S. Grynkewich, Tucson, for respondent/appellant.

OPINION

HATHAWAY, Presiding Judge.

In this appeal the wife seeks review of certain provisions of a dissolution decree. She complains of the trial court's refusal to award her pre-decree interest on a sum of money she advanced to appellee for the purchase of a house. She also complains of the trial court's finding that money ex-

pended by the husband from his separate funds for the purchase of a 7-Eleven franchise store was not intended as a community gift.

The parties were married on April 29, 1978. Subsequently, appellant contributed $26,500 towards the purchase of a residence. Title to the property was taken in appellee's name only. Evidence at trial showed that appellee executed the Deposit Receipt and Agreement in his name only as an unmarried man prior to the date of the marriage. Appellant testified that she thought she had a community interest in the home. However, the trial court found the residence to be appellee's separate property and granted appellant a lien in the sum of $26,500, construing said sum as a loan from appellant to appellee. The court ordered interest to accrue at the legal rate from the date of the decree, September 4, 1984, but declined to award interest prior to that date.

Appellant maintains that her claim was "liquidated" and that prejudgment interest on such a claim is a matter of right, not of discretion. We agree.

While it is true that where there is a conflict in the evidence and there is reasonable evidence to support the judgment of the trial court, an appellate court will not disturb the trial court's judgment, *Oppenheimer v. Oppenheimer*, 22 Ariz.App. 238, 526 P.2d 762 (1974), we do not believe that rule to applies here.

In *Homes and Son Construction Co., Inc. v. Bolo Corporation*, 22 Ariz.App. 303, 526 P.2d 1258 (1974), the court, citing *Arizona Title Insurance & Trust Co. v. O'Malley Lumber Co.*, 14 Ariz.App. 486, 484 P.2d 639 (1971), stated:

"We start with the definition that a claim is liquidated 'if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion.'" 22 Ariz.App. at 306, 526 P.2d 1261.

There is no dispute here as to the sum loaned by appellant to appellee. The check in the amount of $26,500, dated June 16, 1978, was testified to by both parties. Furthermore, appellee testified that he had received the funds and that they were used to partially pay the downpayment on the residence. Appellee also testified that he considered the $26,500 a loan and that he believed appellant should receive interest thereon. He stated that he would give appellant a car valued at $3,000 as interest.

The issue of whether pre-judgment interest is a matter of right is well settled in Arizona. *Fleming v. Pima County*, 141 Ariz. 149, 685 P.2d 1301 (1974); *L.M. White Contracting Co. v. St. Joseph Structural Steel Co.*, 15 Ariz.App. 260, 488 P.2d 196 (1971).

■ We believe that where a party retains and makes use of money belonging to another, equity requires that interest be paid on the money so retained and used. See *Shutts v. Phillips Petroleum Co.*, 235 Kan. 195, 679 P.2d 1159 (1984). The fact that the parties here were married is of no consequence. In *Sharpe v. Sharpe*, 202 So.2d 822 (Fla.1967), the wife advanced money from her separate estate to her husband for the purchase of real property, the proceeds from the later sale of which were retained by him. The court held that she was entitled to interest on the sum advanced from the date of the advance. Here appellee had the use of appellant's money from the time it was used as payment for the house and indeed had reaped the benefit from the appreciation in value of the residence.

■ Appellee introduces a possible conflict between appellant and a former spouse and advances reasons for the loan from appellant to himself. Neither of these are germane or responsive to the arguments advanced by appellant. Appellant thought she had a community interest in the residence. Therefore, she did not consider the $26,500 as a loan and made no demand for repayment. Until the court ruled that the residence was appellee's separate property she believed she would receive a proportionate benefit from the appreciation in value of the property.

Interest on the loan should accrue from the date of the check, June 16, 1978, at the statutory rate. As of the decree this would total $14,977.80.[1]

The second issue raised by appellant concerns $33,000 of appellee's separate funds used as partial repayment of a loan executed in connection with the purchase of a 7-Eleven franchise in March 1979. The trial court found that the 7-Eleven store was community property and that the husband did not intend the $33,000 as a gift to the community. The franchise was appraised as being worth $62,300. The court therefore awarded appellee a separate property lien of $33,000 on the 7-Eleven community property asset and found appellant's share of this community obligation to be $16,500. The court awarded the franchise to appellee and valued appellant's interest at $14,650 ($62,300 divided by 2, minus $16,500), which interest appellee is entitled to purchase.

 Appellee argues that the trial court's judgment should be affirmed on this issue because the funds spent for the 7-Eleven store were clearly traceable as his. This argument was rejected by the court in *Baum v. Baum,* 120 Ariz. 140, 584 P.2d 604 (App.1978). There the wife claimed that a spouse who expends traceable separate funds for community obligations is entitled to reimbursement. The court there found the funds were not traceable and added:

> "Even if we assume the trial court's ruling that the funds were not traceable was erroneous, we must reject the wife's position...." 120 Ariz. at 146, 584 P.2d at 610.

In Arizona when one spouse pays for real property which is then taken jointly in both spouses' names, the presumption is that a gift to the community was the intention of the paying spouse. The court in *Baum,* supra, adopted as the rule in Arizona the California rule:

> "... that a spouse who *elects* to expend separate property on community expenses is entitled to reimbursement from the community or separate property of the other spouse *only if there is an agreement to that effect.*" (Emphasis in original) 120 Ariz. at 146, 584 P.2d at 610.

Here there is no evidence of such an agreement. The only evidence offered by appellee was that the funds to purchase the franchise were borrowed from his brother and that repayment had been from his separate property. On the latter point there was conflicting testimony that income from the store was applied to the debt on one occasion. We believe this evidence is insufficient to negate the presumption of a gift. Accordingly, appellee should not have been awarded a separate property lien of $33,000 on the 7-Eleven community property asset. Appellant's interest in the franchise is $31,150, which interest appellee is entitled to purchase.

The judgment of the trial court disallowing prejudgment interest on the $26,500 spent on the residence, and allowing appellee's lien on the franchise is reversed. The trial court may reconsider the awards of spousal maintenance and child support, if any, in view of the changes in the property settlement resulting from this decision. The cause is remanded for judgment consistent with this opinion.

BIRDSALL, C.J., and HOWARD, J., concur.

---

1. Calculated using 6 per cent per annum from June 16, 1978, to December 14, 1979, and 10 per cent thereafter to date of judgment, [A.R.S. § 44–1201(A) changed effective December 14, 1979. See *McBride v. Superior Court, County of Maricopa,* 130 Ariz. 193, 635 P.2d 178 (1981)], using simple interest. *Westberry v. Reynolds,* 134 Ariz. 29, 653 P.2d 379 (App.1982).