NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Matter of:

BARBARA MORTENSEN, *Petitioner/Appellant*,

*v.*

JERRY MORTENSEN, *Respondent/Appellee*.

No. 1 CA-CV 15-0097 FC
FILED 6-9-2016

---

Appeal from the Superior Court in Maricopa County
No. FN2011-091456
The Honorable Timothy J. Ryan, Judge

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED**

---

COUNSEL

Mandel Young PLC, Phoenix
By Taylor C. Young, Erin Ford Faulhaber
*Counsel for Petitioner/Appellant*

Ellsworth Family Law, P.C., Mesa
By Steven M. Ellsworth, Glenn D. Halterman
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**N O R R I S**, Judge:

¶1 Barbara Mortensen, petitioner/appellant, appeals from a decree of dissolution, challenging the family court's denial of her request to continue trial, its rulings on spousal maintenance and the value of the community business, and its award of expert costs and attorneys' fees to respondent/appellee Jerry Mortensen. We agree with Barbara that the family court should have granted her motion to continue, and thus we vacate its ruling on spousal maintenance and remand with instructions to re-determine that issue. We disagree, however, with Barbara's other arguments and affirm the remainder of the family court's decree.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 On April 19, 2011, Barbara petitioned for dissolution of her marriage to Jerry. Pursuant to the parties' stipulation, the family court appointed a business valuator to value the family business, Canyon State Drywall, Inc., ("CSD"). Because of various delays, Stephen Koons, CPA/ABV/CFF, ASA, replaced the original business valuator. The parties also stipulated that CSD would be valued as of December 31, 2011. Koons valued CSD at zero dollars.

¶3 Barbara then hired Mark Hughes, CPA, ABV, CFF, who valued CSD as of April 30, 2013, at $1.22 million. Before trial, Jerry moved in limine to exclude Hughes' opinion under Arizona Rule of Evidence 702. The family court, however, did not rule on the motion before trial. Instead, it allowed Hughes to testify at trial, explaining it needed to hear his testimony to evaluate the motion.

¶4 At trial, both parties examined Koons and Hughes. Jerry then testified. At that point, the parties had used, in approximately equal portions, their three hours of allotted trial time. Barbara's counsel moved for a continuance to cross-examine Jerry and present Barbara's testimony, but the family court denied the motion and instead allowed Barbara to

submit an affidavit. It also authorized the parties to submit written closing arguments.

¶5        On November 27, 2013, the family court entered the decree and awarded Barbara $3,100 per month in spousal maintenance until May 2018. The family court found CSD had a zero value, relying on Koons' opinion. In so doing, and as discussed below, it rejected Hughes' opinion and ordered Barbara to pay for Koons' services. *See infra* ¶¶ 13-19, 22.  After extensive post-trial proceedings, the family court awarded Jerry $5,000 in attorneys' fees finding Barbara had taken unreasonable positions, as discussed further below.  *See infra* ¶¶ 22-24.

## DISCUSSION

I.        Trial Continuance

¶6        Barbara argues the family court abused its discretion in denying her motion to continue because she did not have adequate time to cross-examine Jerry and to testify.[1]  *Dykeman v. Ashton*, 8 Ariz. App. 327, 330, 446 P.2d 26, 29 (1968) (reviewing family court's ruling on motion to continue for abuse of discretion).  Under the circumstances presented here, we agree.

¶7        The family court "enjoys broad discretion to impose reasonable time limits." *Volk v. Brame*, 235 Ariz. 462, 468, ¶ 20, 333 P.3d 789, 795 (App. 2014) (internal quotations and citations omitted). "[W]hen the resolution of an issue before the court requires an assessment of credibility," however, the court must allow the parties sufficient time to present sworn oral testimony and cross-examination of necessary witnesses.  *Id.* at 464, ¶ 1, 333 P.3d at 791. The family court may not instead conduct a "trial by affidavit."  *Id.* at 467, ¶ 16, 333 P.3d at 794.  Nevertheless, the court is not required to "indulge inefficient use of time by parties or their counsel."  *Id.* at 469, ¶ 22, 333 P.3d at 796.

¶8        Here, the family court did not find, nor does the record demonstrate, that the parties used their time inefficiently. Koons and

_____

[1]On appeal, Barbara argues the family court violated her due process rights to a fair trial in denying her motion to continue. Although Jerry argues Barbara waived this argument because she did not object on due process grounds in the family court, the core of Barbara's argument concerns the family court's denial of her request to continue the trial. Barbara did not waive that argument.  She moved for a continuance in the family court, and so we address the issue on the merits.

Hughes presented competing testimony about CSD's value, and Jerry testified about his positions on the issues in dispute. Still, because the family court had only allocated three hours for trial, Barbara was not able to cross-examine Jerry or to present her own testimony.

**¶9**          In his answering brief, Jerry asserts that Barbara, through counsel, had agreed to the three-hour time limit. Assuming this to be the case, the record reflects this occurred before Jerry moved in limine to exclude Hughes' expert opinion. As discussed below, the hearing not only addressed the merits of the disputed issues, but also served as a *Daubert* hearing. *See infra* ¶ 14.

**¶10**          Even though the family court allowed Barbara to submit an affidavit in lieu of testifying, that affidavit was not an adequate substitute for her testimony. As Barbara's affidavit makes clear, she disputed Jerry's testimony on key issues. To resolve these issues, the family court needed to assess the parties' credibility. *See Volk*, 235 Ariz. at 464, ¶ 1, 333 P.3d at 791. For example, at trial, Jerry testified he had no ability "whatsoever" to pay Barbara "$6,000 a month for life."[2] In her affidavit, Barbara stated, however, "Jerry has kept tens of thousands of dollars (cash) in a leather jacket," and he "continues to go on [] golf outings, [] out of state guided fishing trips, maintains Loge Seats at Sun Devil Stadium, remains an active donating Sun Angel and has front row season tickets to Sun Devil Basketball games." Accordingly, the affidavit was an inadequate substitute for Barbara's oral testimony and cross-examination of Jerry.

**¶11**          We therefore agree the family court abused its discretion in not granting the motion to continue. We disagree, however, with Barbara's assertion that this error affected "every part of the trial and post-trial proceedings." At trial, Barbara's counsel informed the court that "spousal maintenance issues, living, lifestyle, and more along the lines of what the business is producing today for income purposes" still "need[ed] [to be] done"—which Barbara's affidavit supported. She swore to the many "beautiful trips" they took as a family, their "dream home," her inability to "hold a job," and how she budgeted her spousal maintenance request. Barbara's affidavit did not, however, specifically challenge the division of real and personal property, financial accounts, or credit card debt in her affidavit, post-trial briefs, and, indeed, she has not done so on appeal.

---

[2]Jerry, however, agreed to pay Barbara spousal maintenance, but disagreed as to the amount and duration.

¶12 We therefore vacate the family court's ruling on spousal maintenance only. *Volk*, 235 Ariz. at 468, ¶ 21, 333 P.3d at 795 ("If, during the progress of a scheduled hearing, it becomes apparent that the court lacks sufficient time to receive adequate testimony, then the court must allow reasonable additional time or continue the hearing to permit it to perform its essential tasks."). We remand to the family court to re-determine the amount and duration of spousal maintenance to Barbara.

## II. Business Valuation

¶13 Barbara argues the family court abused its discretion when it "excluded Hughes' calculation of value." *State v. Foshay*, No. 2 CA-CR 2014-0252, 2016 WL 1158118, at *1, ¶ 5 (Ariz. App. March 23, 2016) (reviewing exclusion of expert testimony for abuse of discretion); *Sample v. Sample*, 152 Ariz. 239, 242, 731 P.2d 604, 607 (App. 1986) (reviewing family court's choice of valuation date for abuse of discretion).

¶14 Arizona Rule of Evidence 702 adopted the *Daubert v. Merrell Dow Pharmaceuticals, Inc.* standard for admitting expert testimony. 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Rule 702 allows an expert witness to testify if the testimony, as relevant here, "is based on sufficient facts or data," "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." The family court rejected Hughes' valuation because he "did not provide sufficient reference to AICPA [American Institute of Certified Public Accountants] Statement on Standards for Valuation Service," "his investigation and determination of the necessary facts was not thorough and complete," "his opinions were not supported by reliable principles regarding business valuation," and "he did not reliably apply the principles and methods regarding business valuation to the facts of the case."

¶15 Barbara retained Hughes to perform a "calculation of value," an engagement in which the analyst and the client agree on the method to use in the valuation. In contrast, Koons was retained to render an "opinion of value," an engagement in which the analyst uses his own independent judgment to determine which method(s) to use in valuation. An opinion of value also requires more procedures than a calculation of value. According to Koons, it "is an application of all relevant valuation procedures, all relevant data, all relevant valuation methods."

¶16 Even if we assume the family court should not have rejected Hughes' calculation of value under Rule 702, its decision to rely on Koons' valuation and not Hughes' valuation was harmless as the court was the

ultimate fact-finder in determining the credibility and weight of Hughes' testimony. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18, 357 P.3d 834, 839 (App. 2015) ("family court is in the best position to judge the credibility of witnesses"); Ariz. R. Civ. P. 61 (error that does not affect the substantial rights of the parties is not grounds for disturbing an order); *see also U.S. v. Rouse*, 410 F.3d 1005, 1011 (8th Cir. 2005) (when court was fact-finder regarding credibility of expert testimony, possible error in excluding evidence under *Daubert* harmless).

¶17        As discussed, the family court rejected Hughes' valuation, finding it incomplete and unreliable. The record contains evidence supporting these findings. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App. 1998) ("We view the evidence in the light most favorable to sustaining the trial court's findings and determine whether there was evidence that reasonably supports the court's findings."). For example, Hughes relied on ten months of unaudited data, used a gross profit margin that did not reflect CSD's financial history, did not interview CSD personnel, and used outdated comparison transactions to check the reasonableness of his valuation. Koons described Hughes' valuation as "very speculative," and testified that "I would seriously question whether the gross profit margin can be maintained at 21.5 percent, which affects the bottom line 5 percent of net operating income because [Jerry has] never done it." He also testified that Hughes' valuation is "just an acceptance of that internal financial statement, which I [have] serious questions about."

¶18        The family court was thus left with only Koons' opinion of CSD's value. Although Barbara argues the family court should not have relied on Koons' valuation because he "did not use the most appropriate method of valuation, failed to consider all appropriate data, and contained missing data and unrealistic assumptions," her argument fails to show more than minor flaws and matters of credibility that are within the family court's discretion. *State v. Bernstein*, 237 Ariz. 226, 229, ¶ 14, 349 P.3d 200, 203 (2015) ("The overall purpose of Rule 702 . . . is simply to ensure that a fact-finder is presented with reliable and relevant evidence, not flawless evidence.") (quotations and citations omitted).

¶19        Barbara also argues Koons' valuation was stale, as he valued CSD as of December 31, 2011, and trial did not take place until August 22, 2013. The family court, however, has broad discretion in deciding what valuation date to use as long as it does not create an inequitable result. *Sample*, 152 Ariz. at 242, 731 P.2d at 607. Here, Jerry and Barbara stipulated to value CSD as of December 31, 2011, and the record reflects that only after Koons valued CSD, did Barbara hire Hughes and begin to argue the

December 31, 2011, valuation date was stale. Under these circumstances, and given the inadequacies the family court found in Hughes' work, the family court did not abuse its discretion in using the 2011 valuation date or in valuing CSD at zero dollars based on Koons' opinion of value.

III.     Attorneys' Fees and Expert Costs

¶20     Barbara argues the family court abused its discretion in ordering her to pay the entire cost of Koons' services and $5,000 of Jerry's post-trial attorneys' fees. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36, 250 P.3d 1213, 1221 (App. 2011) (reviewing an award of attorneys' fees and costs for an abuse of discretion).

¶21     Arizona Revised Statute section 25-324(A) (Supp. 2015)[3] allows the family court to order one party to pay the other's attorneys' fees and costs after it "consider[s] the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."

¶22     Here, the family court ordered Barbara to pay for Koons' services despite having previously ordered the parties to split the cost (subject to further reallocation) because it found Barbara's "unreasonable positions taken on the issue of business valuation warrant this as an appropriate sanction." Substantial evidence supports the family court's finding.  Barbara originally stipulated to use Koons as the court-appointed business valuator and to use December 31, 2011, as the valuation date, but only when she disagreed with his valuation, she hired another business valuator to value CSD. *See supra* ¶¶ 2-3.

¶23     After extensive post-trial proceedings, the family court also ordered Barbara to pay $5,000 of Jerry's post-trial attorneys' fees because it was "necessary to create a disincentive for [Barbara] to keep reiterating [the valuation of CSD];" her claim for pre-judgment interest on spousal maintenance that had not yet been decided was unsupported by fact and law; and she had "made it known that it was her intent to make this litigation as protracted and costly as possible."

¶24     The record reflects, as the family court found, that, Barbara continued to base many of her post-trial positions on an equal division of CSD despite the family court's decision to award it to Jerry. Furthermore,

---

[3]We cite to the current version of the statute, which has not been materially changed since 2010—before Barbara petitioned for dissolution of her marriage.

"[t]he issue of whether pre-judgment interest is a matter of right is well settled in Arizona." *Malecky v. Malecky*, 148 Ariz. 121, 122, 713 P.2d 322, 323 (App. 1985). When the amount of a claim is unclear, as when the amount of spousal maintenance is still to be decided, the claim is unliquidated, and thus the "interest does not begin to run . . . until the rendition of the judgment." *Cockrill v. Cockrill*, 139 Ariz. 72, 75, 676 P.2d 1130, 1133 (App. 1983). The family court did not enter the decree of dissolution until November 27, 2013. Thus interest did not begin to accrue until that date.

**¶25** Barbara also argues the family court failed to provide legal authority for its award of attorneys' fees to Jerry. Although the family court did not specifically cite A.R.S. § 25-324(A), Barbara had notice of the statute because Jerry cited it in his post-trial request for attorneys' fees and the family court explained it was awarding fees based on Barbara's unreasonable positions, which is a clear reference to A.R.S. § 25-324(A).

**¶26** Therefore, we affirm the family court's rulings on expert costs and post-trial attorneys' fees and costs.

## CONCLUSION

**¶27** We vacate the family court's award of spousal maintenance to Barbara, and remand for the family court to re-determine the amount and duration of the spousal maintenance she should receive. We affirm the remainder of the decree. We deny the parties' competing claims to an award of attorneys' fees and costs on appeal.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA